UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KARL HAFFENREFFER, Plaintiff | : | |
| v. | : | No. CA 06 299. T |
| WILLIAM COLEMAN and JANET COLEMAN, Defendants | : | |

# COMPLAINT

## PARTIES AND JURISDICTION

1. The plaintiff Karl Haffenreffer is a citizen and resident of the State of Florida. He is one of three executors of the Estate of Carolyn B. Haffenreffer ("Estate"), and is one of two beneficiaries of the Estate. He is a son of the late Carolyn B. Haffenreffer.

2. The defendants William Coleman and Janet Coleman are citizens and residents of the Commonwealth of Massachusetts.

3. Carolyn B. Haffenreffer was a citizen and resident of the State of Rhode Island who died December 13, 2003. The Estate is in probate in the Probate Court of the Town of Little Compton, Rhode Island.

4. The plaintiff brings this action individually and on behalf of the Estate, pursuant to R I. Gen. Laws §33-18-17, as a beneficiary of, and person legally interested in, the Estate, and pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, by virtue of diversity of citizenship of the parties.

## FACTS

7. In 1991, Carolyn B. Haffenreffer ("Mrs. Haffenreffer") executed a Durable Power of Attorney, naming her husband Carl W. Haffenreffer and her son David H. Haffenreffer as her lawful attorneys, with certain specified and limited powers to act on the behalf of Mrs. Haffenreffer.

8. In 1999, Carl W. Haffenreffer died, leaving David H. Haffenreffer as the sole recipient of Mrs. Haffenreffer's Durable Power of Attorney.

9. Following the death of Carl W. Haffenreffer, Carolyn B. Haffenreffer was the owner of several valuable parcels of oceanfront and oceanview real property in the Town of Little Compton, collectively referred to as "Seaconnet Point Farm."

10. During 2001, as a result of advancing age, Mrs. Haffenreffer became incompetent to manage her affairs.

11. Defendants William and Janet Coleman (sometimes referred to as the "Colemans"), who are personal friends of David H. Haffenreffer, have rented property owned by Mrs. Haffenreffer and her husband for several years. These rentals were year-round, but were occupied only seasonally.

12. On or about November 1, 2002, while purporting to act as "attorney-in-fact" for Mrs. Haffenreffer, David H. Haffenreffer executed with William and Janet

Coleman an instrument that purports to be an "option" relative to the Seaconnet Point Farm real property owned by Mrs. Haffenreffer (the "Coleman Letter").

13. The Coleman Letter purports to grant William and Janet Coleman an "option" to purchase any parcel of real property owned by Carolyn B. Haffenreffer but not acquired by a member of Carolyn B. Haffenreffer's family, at a price equal to the average of three appraisals by "accredited local RE professionals."

14. There are five lots and four parcels of real estate owned by the Estate that are affected by the Coleman Letter. One lot, which constitutes one of the parcels, will be sold by the Estate. The other three parcels are to be sold to plaintiff pursuant to the terms of the Will of Carolyn B. Haffenreffer ("Will"). That sale, however, has been postponed because of litigation initiated by David H. Haffenreffer, in which David H. Haffenreffer has challenged certain provisions of the Will and the executors' offer to family members, and sought to prevent the plaintiff from purchasing the three parcels. One outcome of that litigation could be that the Estate would sell one or more of the three parcels that are to be purchased by plaintiff pursuant to the terms of the Will.

15. The Coleman Letter significantly affects the marketability of any parcel of real property to which it is applicable. If the Coleman Letter were a valid option, then the existence of such an option would depress the value that the property can obtain on the open market from potential purchasers. The mere fact that the Coleman Letter exists, and may be asserted by the Colemans as having some force and effect, will substantially affect the marketability of any parcel of real

property to which it is arguably subject, and reduce the price that could be obtained by the Estate from the sale of the parcel.

16. The Coleman Letter is invalid and unenforceable as an option on any real property owned by the Estate, on grounds including, but not limited to, that it was granted without consideration, that it is too vague and indefinite to be enforceable, and that David H. Haffenreffer lacked the authority to execute the Coleman Letter on behalf of Carolyn B. Haffenreffer.

17. The plaintiff, pursuant to R. I. Gen. Laws §33-18-17, gave notice to his fellow executors, David H. Haffenreffer and Noel M. Field, Jr., of his request that they commence a proceeding to recover the property represented by the Coleman Letter's existence as a cloud on the marketability of real property owned by the Estate. More than fifteen days elapsed after the plaintiff's giving of such notice, without the fellow executors acting, or even agreeing to act, on the request.

18. The plaintiff, on behalf of the Estate, has requested that the Colemans acknowledge the unenforceability of the Coleman Letter, and execute a waiver of the rights purported to be granted in the Coleman Letter, in order to remove any potential cloud on the marketability of real property owned by the Estate.

19. The Colemans have refused the plaintiff's requests, and have asserted their belief that the Coleman Letter is a valid instrument that gives them rights with respect to the real property owned by the Estate.

20. A real and substantial controversy exists between the parties regarding the validity of the Coleman Letter as conveying any rights in the real

property owned the Estate. Until and unless the validity of the Coleman Letter is adjudicated, the Estate will be hindered in its ability to market any parcels of real property, and will receive a sale price that is substantially less than it would receive if the property were able to be marketed without the cloud of possible burden by the Coleman Letter. The Estate is aggrieved by the Coleman's assertion of the validity of the Coleman Letter as giving them legal rights with respect to the property owned by the Estate. The plaintiff individually is aggrieved by the Coleman's assertion of the validity of the Coleman Letter as giving them legal rights with respect to the property owned by the Estate, because he is one of two beneficiaries of the Estate.

WHEREFORE, the plaintiff Karl Haffenreffer demands judgment against William and Janet Coleman, declaring the rights of the parties to be that the Coleman Letter is invalid and ineffective as a grant of any rights to any real property owned by the Estate of Carolyn B. Haffenreffer, and that the Colemans have no right or interest in any real property owned by the Estate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

KARL HAFFENREFFER

By his attorneys

**R. DANIEL PRENTISS, P.C.**

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5123

Dated: June 28, 2006