UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KARL HAFFENREFFER,<br>Plaintiff<br><br>v.<br><br>WILLIAM COLEMAN and<br>JANET COLEMAN,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-0299/T |

**ANSWER OF DEFENDANTS WILLIAM COLEMAN AND JANET COLEMAN**

Defendants William Coleman and Janet Coleman hereby answer plaintiff's Complaint as follows:

**First Defense**

Plaintiff's Complaint must be dismissed for failure to join all parties whose interests will be materially affected by the declaratory judgment sought under 28 U.S.C. §2201.

**Second Defense**

Plaintiff's Complaint must be dismissed based on lack of diversity of citizenship under 28 U.S.C. §1332, as inclusion of required parties would destroy complete diversity.

**Third Defense**

Plaintiff has denied to defendants that the option which is the subject of this action has a potential value in excess of Seventy Five Thousand Dollars ($75,000), the amount in controversy required for jurisdiction in this Court.

**Fourth Defense**

Plaintiff lacks standing to maintain this action, as it is not "an action or proceeding to recover property" within the ambit of R.I. General Laws §33-18-17.

**Fifth Defense**

1-3. Defendants admit the allegations set forth in paragraphs 1 through 3 of the

Complaint.

4. With respect to the allegations set forth in paragraph 4 of the Complaint, defendants deny that this is the type of action that can be brought under R.I. General Laws §33-18-17.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore deny the same.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7-9. Defendants admit the allegations set forth in paragraphs 7 through 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore deny the same.

11. With respect to the allegations set forth in paragraph 11 of the Complaint, defendants admit that they maintain a friendship with David H. Haffenreffer (and that they had cordial relations with Carl W. Haffenreffer and Carolyn B. Haffenreffer) and that they have rented property at Seaconnet Point Farm for approximately thirty (30) years (not just "several" years).

12-13. With respect to the allegations set forth in paragraphs 12 and 13 of the Complaint, defendants admit that on or about November 1, 2002, David H. Haffenreffer, acting as attorney in fact for Carolyn B. Haffenreffer, executed with defendants an option relative to Seaconnet Point Farm real property, a copy of which is attached to this Answer and is incorporated by reference. The document speaks for itself. Defendants deny the allegations, inferences, and paraphrasing in said paragraphs 12 and 13 to the extent they are in conflict with the actual option document as attached hereto.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. With respect to the allegations set forth in paragraph 15 of the Complaint, defendants lack knowledge or information sufficient to admit or deny the materiality and substantiality by which the marketability of the subject real estate is affected by defendants' option, and they call upon plaintiff to prove the same. Defendants deny the remaining allegations set forth in said paragraph.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore deny the same.

18-19. Defendants admit the allegations set forth in paragraphs 18 and 19 of the Complaint, with the caveat that "the Coleman Letter" should more properly be described as "the Option".

20. With respect to the allegations set forth in paragraph 20 of the Complaint, defendants admit that there is a disagreement between plaintiff and them regarding the Option. They lack knowledge or information sufficient to form a belief with respect to the "materiality" and "substantiality" of said disagreement and of the Option as it relates to the marketability of the real estate. Defendants deny the remaining allegations set forth in said paragraph.

## Sixth Defense

The Option was duly and sufficiently supported by consideration (as recited in the document) and conferred mutual benefits.

## Seventh Defense

Plaintiff's alleged claim is barred by the doctrine of laches.

**Eighth Defense**

Plaintiff's alleged claim is barred by the doctrine of estoppel.

**Ninth Defense**

Plaintiff's alleged claim is barred by waiver.

WHEREFORE, defendants demand judgment

(a) Denying and dismissing the Complaint, or in the alternative declaring the rights of the parties, and in particular declaring that defendants' Option is in fact a valid and effective interest in real estate owned by the Estate of Carolyn B. Haffenreffer;

(b) Awarding defendants counsel fees and costs; and

(c) Awarding defendants such other and further declaratory or other relief as the Court may deem appropriate.

**DEFENDANTS DENY THAT PLAINTIFF IS ENTITLED TO TRIAL BY JURY**

William R. Landry #2494
wrl@blishcavlaw.com
BLISH & CAVANAGH LLP
30 Exchange Terrace
Providence, RI 02903-1765
Telephone: (401) 831-8900
Telecopy: (401) 490-7640

July 21, 2006

Attorneys for Defendants
William Coleman and Janet Coleman

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2006, a true copy of the within document was forwarded by U.S. mail, postage prepaid, to counsel of record, as follows:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903

cowi6718.atc.wpd

CAROLYN B. HAFFENREFFER
Little Compton, RI 02837

November 1, 2002

Mr. & Mrs. William Coleman
104 Plain Road
Wayland, MA 01778

Dear Mr. & Mrs. Coleman:

In my capacity as attorney-in-fact for Carolyn B. Haffenreffer, owner of Seaconnet Farm, I write to formalize the "gentlemen's agreement" option that has informally existed between our families for years.

You are a long standing tenant at the farm so we would like to offer an option as set forth below.

For good and valuable consideration exchanged between us, the receipt and sufficiency of which is hereby acknowledged, we hereby agree as follows:

In the event of the death of Carolyn B. Haffenreffer, and the subsequent placing on the market for sale of any of the parcels of land, with or without buildings, at Seaconnet Farm, you are hereby granted an option to purchase a parcel or parcels of land together with all

October 29, 2002
Page 2

buildings or improvements thereon situated subject to the following terms and conditions:

a) This Option is secondary to the rights of the extended Haffenreffer family to purchase any such parcel or parcels without regard to this Agreement or the option granted and without the necessity of written permission from you.

b) The Option price, to be paid by you, will be ~~[illegible] than~~ the fair market value of the parcel to be sold, fa[illegible] market value to be determined by the average of three appraisals by acc[illegible] local RE professionals, the cost to be shared equally.

WCL
SEC
BH by DHH attorney in fact

c) This Option is subject to a mutually acceptable Purchase and Sales Agreement being executed between us within thirty (30) days of the date you receive written notice of your opportunity to exercise such option.

d) This Option supercedes and nullifies all prior agreements (except for your current lease) between us regarding the real estate at Seaconnet Farm.

e) This Option shall continue until the latter of three (3) months following the final probate of the Estate of Carolyn B. Haffenreffer or for a period of three (3) years from and after the date of death of Carolyn B. Haffenreffer will then expire and by its own terms become null, void, and of no further affect.

In the event that any attempt is made by you or anyone on your behalf to record this option in the Land Evidence Records of the Town of Little Compton, Rhode Island, then, and in that case, this "Option" shall immediately become null, void, and of no further affect.

If the terms of this Option are acceptable to you, please so acknowledge by executing a duplicate original of this letter and returning it to me within ten (10) days.

Your failure to return this option, within ten (10) days, executed as aforesaid, will in fact, be deemed to be

L/Coleman1[illegible]
3/102902/2

your rejection of this option, a full release of any rights you might have in the real estate at Seaconnet Farm upon expiration of your current lease, and all of our respective rights and obligations will thereby cease and be null and void.

Very truly yours,
Carolyn B. Haffenreffer
By her Attorney-in-Fact

Carolyn B Haffenreffer
By David Haffenreffer her attorney in fact
David Haffenreffer

We, William Coleman and Janet Coleman, do hereby acknowledge and agree to be bound by the terms of this Letter Agreement.

Nov. 9, 2002
Date

William Coleman
William Coleman

Nov 9 2002
Date

Janet E Coleman
Janet Coleman