**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KARL HAFFENREFFER | : | |
| | : | |
| v. | : | C.A. No. 06-0299-T |
| | : | |
| WILLIAM COLEMAN and JANET COLEMAN | : | |
| | : | |

**MOTION TO COMPEL DISQUALIFY COUNSEL**

Plaintiff Karl Haffenreffer moves for an order disqualifying William R. Landry and the law firm Blish & Cavanagh from representing the defendants in this matter. A memorandum in support of this motion is appended hereto.

Respectfully submitted,

KARL HAFFENREFFER

By his attorneys

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5123
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 12th day of December, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

William R. Landry, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

/s/R. Daniel Prentiss

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KARL HAFFENREFFER | : | |
| | : | |
| v. | : | C.A. No. 06-0299-T |
| | : | |
| WILLIAM COLEMAN and JANET COLEMAN | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

Plaintiff Karl Haffenreffer moves to disqualify William R. Landry, Esquire, and the law firm Blish & Cavanagh LLP from representing the defendants in this matter because of a conflict of interest that seriously prejudices the rights of the estate on whose behalf this action was commenced.

**BACKGROUND**

This action was brought by Karl Haffenreffer ("Karl") on behalf of the estate of Carolyn B. Haffenreffer (compromising both the probate and the trust estates; hereinafter, the "Estate") in order to clear the title to real property owned by the Estate. Karl and his brother David Haffenreffer ("David"), Mrs. Haffenreffer's sons, are the two primary beneficiaries of the Estate; are two of the probate estate's three Executors; and are two of the trust estate's three trustees. The potential cloud on the real estate is a purported "option" that David, without either consideration or the authority to grant an option without consideration, signed and delivered to the defendants William and Janet Coleman at a time when Mrs. Haffenreffer was, in the opinion of all concerned, legally competent. Karl brought this action on behalf

of the Estate, pursuant to R I. Gen. Laws §33-18-17, after the Estate's co-executors refused his request to concur in taking the action. William R. Landry, Esq., and the law firm of Blish & Cavanagh LLP answered on behalf of the Colemans.

Mrs. Haffenreffer's will (hereinafter, the "Will") requires that her executors sell any of her real property that is not acquired by a family member pursuant to selection procedures set forth in the Will. If any parcel is burdened by an option in favor of a specified buyer, that parcel's marketability will suffer. Hence, the Coleman "option," once its existence was revealed by David after Mrs. Haffenreffer's death, has concerned the executors as a possible hindrance to their ability to dispose of the Estate's real estate for the highest possible price. The "option," and how to deal with it, has been the subject of numerous communications and memoranda between the executors and counsel for the Estate, Hinckley, Allen & Snyder.

There is one other litigation matter that relates to the Estate. In 2005, David sued Karl in Rhode Island Superior Court, seeking to thwart Karl's use of a major portion of his inheritance from the Estate pursuant to the terms of the Will (hereinafter, the "Haffenreffer Litigation"). David's complaint states that he brought the suit in his capacity as "Co-Executor of the Estate of Carolyn B. Haffenreffer." *See* Amended Verified Complaint, appended hereto as Exhibit A. In the Haffenreffer Litigation, David seeks to prevent Karl from purchasing from the Estate three of four parcels of Little Compton real estate. If David succeeds, then the three parcels that Karl seeks to purchase would potentially be burdened by the

Coleman "option," to the extent that it is valid (a fourth parcel that was not selected for purchase by any family member is certainly affected by the existence of the "option").

At deposition in the Haffenreffer Litigation, David testified that he wanted to give the Colemans, who are his and his wife's close personal friends, an option to buy property from the Estate because he desired to have them as residents and neighbors in Little Compton (David owns and resides at other Little Compton property that was owned by Mrs. Haffenreffer and devised to him). He also acknowledged that the likely price to the Colemans of any property sold pursuant to the option would be less than could be gained by the Estate if it were sold on the open market.

In November, 2006, William R. Landry, Esq., and the law firm of Blish & Cavanagh LLP entered their appearance on behalf of David in the Haffenreffer Litigation. *See* Entry of Appearance, appended hereto as Exhibit B. Hence, at this time, Mr. Landry and Blish & Cavanagh LLP represent the Colemans in this matter, in opposition to the interests of the Estate of which David is an executor; now they also represent David, in his capacity as an executor of the Estate, in the Haffenreffer Litigation. In the latter capacity, Mr. Landry and Blish & Cavanagh LLP are privy to confidential, attorney-client communications, and other privileged information of the Estate, in a matter in which they represent parties with interests in open conflict with the interests of the Estate.

## ANALYSIS AND ARGUMENT

The principle governing the issue presented in this motion is set forth in Rule 1.7 of the Rules of Professional Conduct adopted by the Rhode Island Supreme Court[1]. That rule states, in simplified form, that in the absence of client consent, "a lawyer shall not represent a client if the representation of that client will be directly adverse to another client." Here it is manifest that the interests of the Colemans are directly adverse to those of the Estate. There is also no question that in representing David in a matter that he brought in his capacity as an executor of the Estate, Mr. Landry and his law firm are representing the interests of the Estate.

In *American Kennel Club Museum of the Dog v. Edwards & Angell, LLP*, 2002 Westlaw 1803923 (R.I. Super.), the Rhode Island Superior Court, Silverstein, J., held that a lawyer's duty of care extended beyond the fiduciary client to the beneficiaries of the trust for which the client was a trustee (permitting the beneficiary to maintain a legal malpractice claim against the law firm that represented the trustee). Because the issue had not been addressed by the Rhode Island Supreme Court, the court relied on decisions from other jurisdictions, as well as the "seminal" decision of this Court in *Rusch Factors, Inc. v. Levin*, 284 F. Supp. 85 (D.R.I. 1968) (holding that a person other than an accountant's client may maintain action against the accountant for malpractice if the person's reliance on the accountant's work was actually foreseen). *See Charleson v. Hardesty* 839 P.2d 1303 (Nev. 1993) (beneficiaries of trust may sue trustee's attorney for malpractice); *Morales v. Field*, 99 Cal. App. 3d 307 (Ct. App. 1980); *Lucas v. Hamm*, 56 Cal.2d

[1] The same standards are applicable in this Court. *See* LR Gen 208.

583 (1961), *cert. denied* 368 U.S. 987 (1962) (intended beneficiaries of estate may sue estate planner for malpractice).

While these decisions go beyond the issue presented in this motion, they clearly show that there is a broad body of law that holds that counsel to a fiduciary has duties that extend beyond the individual fiduciary, to the persons for whose benefit the fiduciary has been appointed. David in his capacity as an executor of the Estate owes fiduciary duties to the beneficiaries of that Estate. When he engages counsel in that capacity, the counsel's duties are similarly extended.

The circumstances here present more than a mere academic debate. As counsel to David in his capacity as executor of the Estate, Mr. Landry and his law firm are privy to all the confidential information that David possesses in that capacity. This necessarily includes the attorney-client communications between the Estate's executors and their counsel. There "is an ***irrebutable*** presumption that an attorney who has represented a client will have obtained secrets and confidences of that client." *Human Electronics, Inc. v. Emerson Radio Corp.*, 375 F. Supp.2d 102, 106 (N.D. N.Y. 2004) (emphasis and bolding original).

An attorney who obtains confidential information of an opposing party even through inadvertence is barred from using the information in litigation, and will be ordered to surrender it to its owner. *Milford Power Ltd. Partnership v. New England Power Co.* 896 F. Supp. 53 (D. Mass 1995). A law firm that receives and reviews privileged material of an opposing party can be disqualified from further representation of its client in the matter. *Richards v. Jain*, 168 F. Supp. 2d 1195

(W.D. Wa. 2001);[2] *Williams v. Trans World Airlines, Inc.*, 588 F. Supp. 1037 (D. Mo. 1984)). This concept is the rationale, at least in part, behind the pending amendments to Rule 26 of the Federal Rules of Civil Procedure, recognizing the necessity of dealing with inadvertent disclosures of confidential information in discovery.

It cannot be argued that it would be proper for the Colemans to have access to the Estate's confidential attorney-client communications concerning the subject matter of this litigation. Yet that access is presumed (irrebutably, according to the *Human Electronics* court, *supra*) by their law firm's representation of David in the Haffenreffer Litigation. It is unfair to the Estate to permit its opponent to be represented by counsel that is privy to its confidential information. "[T]he potential for unfair discovery of information through private consultation rather than through normal discovery procedures threatens the integrity of the trial process." *Williams v. Trans World Airlines, Inc., supra* 588 F. Supp. at 1045.

For these reasons, Karl Haffenreffer respectfully requests that William Landry and the law firm of Blish & Cavanagh LLP be disqualified from representing the defendants in this litigation.

---

[2] *Richards v. Jain* relied in part on ABA Comm. On Ethics and Professional Responsibility, Formal Opinion 94-382 (1994). Formal Opinion 94-382 was withdrawn in Formal Opinion 06-440, on the basis that the former opinion derived its authority from "other law," outside the confines of the Model Rules of Professional Conduct, and was therefore beyond the scope of formal opinions.

Respectfully submitted,

KARL HAFFENREFFER

By his attorneys

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5123
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 12th day of December, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

William R. Landry, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

/s/R. Daniel Prentiss

801/41/1186