**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

KARL HAFFENREFFER

v. C.A. No. 06-299T

WILLIAM COLEMAN and JANET COLEMAN

# MEMORANDUM AND ORDER

ERNEST C. TORRES, Senior District Court Judge.

Karl Haffenreffer ("Karl"), through his counsel, Attorney Daniel Prentiss ("Prentiss"), has moved for an order disqualifying Attorney William R. Landry and his law firm, Blish & Cavanagh LLP (collectively referred to as the "Blish firm"), from representing the defendants William and Janet Coleman (the "Colemans") on the ground that the Blish firm's representation of Karl's brother David Haffenreffer ("David") in a separate state court proceeding presents a conflict of interest. For the reasons hereinafter stated, the motion to disqualify is denied.

## Background

Karl and David are the only sons of the late Carolyn B. Haffenreffer ("Carolyn") and the primary beneficiaries of her estate (the "Estate"). Carolyn died in 2003 and the Estate included four parcels of waterfront property in Little Compton,

Rhode Island. According to the terms of Carolyn's will, the parcels were to be sold but family members were given a right of first refusal enabling them to buy any of the parcels at "the lowest price which [the executors] would be willing to accept for such parcel." Karl, David, and attorney Noel M. Field, Jr. are the executors of Carolyn's will, and the law firm of Hinckley, Allen Snyder LLP is counsel to the Estate.

The Colemans are friendly with David and other members of the Haffenreffer family and, for the past 30 years, they have rented various Haffenreffer properties as vacation homes. In 2002, pursuant to a power of attorney from Carolyn, David signed an option agreement giving the Colemans the right to purchase any one of the parcels after Carolyn's death, provided that none of the other family members chose to exercise their right of first refusal. According to David and the Colemans, the option agreement was intended to formalize a longstanding "gentlemen's agreement" between the two families and to clarify the terms of the option. The option agreement provided that the sale price of each parcel subject to the option was to be its fair market value calculated as the average of three independent appraisals.

<u>The State Court Case</u>

After Carolyn's death, Karl proposed to buy three of the parcels pursuant to the family members' right of first refusal and the Colemans expressed an interest in exercising their option with

respect to the fourth parcel. However, Karl proposed to pay for his three parcels by having the purchase price deducted from his share of the estate when distribution was made. That prompted David, purportedly acting in his capacity as a co-executor of Carolyn's estate, to bring a declaratory action in the Rhode Island Superior Court against the other two executors seeking a declaration that Karl was required to pay for the three parcels in cash. David's declaratory judgment action was filed by the law firm of Gelfuso & Lachut but the Blish firm has entered an appearance as co-counsel for David and assisted in prosecuting a motion for summary judgment filed by David. Prentiss represents Karl in that case.

<u>This Case</u>

Karl, purportedly acting for the benefit of the Estate, brought this action against the Colemans seeking a declaration that their option is invalid and alleging that the existence of the option significantly depresses the market value of the parcels. Karl's complaint states that the other two co-executors have declined to join in this action. Complaint ¶ 17.

In his motion to disqualify the Blish firm, Karl asserts that the Blish firm's representation of the Colemans is "in open conflict with the interests of the Estate" because the firm represents David in the state court case and because it is "privy to confidential, attorney-client communications, and other

privileged information of the Estate" regarding the preparation and validity of the option agreement. Karl's Mem. at 3, 6.

## **Analysis**

Disqualification, in general

In deciding whether a party's counsel should be disqualified, a Court must balance the party's right to choose its counsel against the need to protect the integrity of the judicial process. Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984). Disqualification is not a step to be taken lightly because courts have recognized that, in addition to delaying litigation and having a significant adverse effect on the client, such motions are often advanced for "tactical, not substantive, reasons." Moss v. TACC Intern. Corp., 776 F. Supp. 622, 623 (D. Mass. 1991).

A party seeking disqualification of an opposing party's counsel bears a "heavy burden of proving facts required for disqualification." Evans v. Artek Systems Corp., 715 F.2d 788, 792 (2d Cir. 1983). Jacobs v. Eastern Wire Prods. Co., 2003 WL 21297120, at *2 (R.I. Super., May 7, 2003) ("Because motions to disqualify are viewed with disfavor a party seeking to disqualify carries a heavy burden and must satisfy a high standard of proof.") Thus, the mere appearance of impropriety or the possibility of a conflict are insufficient to warrant disqualification of chosen counsel. See Olivier v. Town of Cumberland, 540 A.2d 23, 27 (R.I. 1988)(appearance of impropriety is "simply too slender a reed on

which to rest a disqualification order except in the rarest of cases.") See Estrada v. Cabrera, 632 F. Supp. 1174, 1175 (D.P.R. 1986)(citing Richmond Hilton Associates v. City of Richmond, 690 F.2d 1086, 1089 (4th Cir. 1982))(disqualification of counsel "could not be supported by the mere possibility of a conflict").

Rule 1.7

In this case, Karl argues that Landry's representation of the Colemans violates Rule 1.7(a) of the Model Rules of Professional Conduct,[1] which prohibits an attorney or firm from representing two clients having adverse interests. Rule 1.7 states in pertinent part that

> "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes that representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after consultation."

Under Rule 1.7(a), one who moves to disqualify an attorney from representing a client must establish that the attorney has an attorney-client relationship with the party whose interests are alleged to be directly adverse to the interests of the client in question. See, e.g., Evans v. Artek Systems Corp., 715 F.2d 788

[1]Rule 1.7 has been adopted by the Rhode Island Supreme Court and incorporated by reference into local rules of this court. See Local Rule LR Gen 208.

(2d Cir. 1983); Gray v. Rhode Island Dept. of Children, Youth and Families, 937 F. Supp. 153, 160 (D.R.I. 1996)("Rule 1.7 prevents an attorney from accepting representation that is directly adverse to a client.")

Karl argues that, because the Blish firm represented David in the state court action; and, because that action, purportedly, was brought by David in his capacity as an executor, the Blish firm represents the Estate or its interests. Karl further argues that the Estate's interests are directly adverse to the Coleman's interests because the Coleman's option agreement bases the purchase price on appraised value which, according to Karl, is less than what would be received by the Estate if the property were sold on the open market.

Karl's argument that, by representing David in the state court action, the Blish firm represents the Estate or its interests is based on the fact that David purported to bring the action in his capacity as a co-executor. However, that argument ignores the well-established rule that, when an estate has more than one executor the concurrence of all, or at least a majority, of the co-executors is required before any action can be taken on behalf of the estate. See Uniform Probate Code, §3-717, p. 176 (1998); Stone v. Jones, 530 So.2d 232, 235 (Ala. 1988); see also George G. Bogert, The Law of Trusts and Trustees §554 (rev. 2d ed. 1980) (The trustees of a private trust "hold their powers as a group so that

their authority can be exercised only by the action of all the trustees."). Here, the two other co-executors of Carolyn's estate did not authorize David's suit. On the contrary, David named them as defendants precisely because they did not agree that the suit should be brought. Accordingly, in bringing the state court action, David was not representing the Estate and it cannot be said that the action was brought by the Estate.

That is not to say that David's lack of authority to sue in his capacity as a co-executor barred him from bringing the state court action. Under Rhode Island law, if "any person legally interested" in the estate requests the executor to attempt to obtain property which the "legally interested person" believes should be recovered for the benefit of the estate and the executor refuses, the "legally interested person" may institute proceedings in the "name of the estate" to recover the property. R.I. Gen. Laws §33-18-17.[2] Accordingly, in his capacity as a principal

[2]Gen. Laws § 33-18-17 provides: "If an administrator, executor, or guardian shall be requested by any person legally interested in the estate of a deceased person, or person under guardianship, to commence an action or proceeding to recover any property, personal or real, which the legally interested person may have reason to believe should be recovered for the benefit of the estate, and if the administrator, executor, or guardian shall, for fifteen (15) days after written notice so to do, either personally delivered to himself or herself or his or her agent, or left at the last and usual place of abode of himself or herself or his or her agent, refuse, neglect or for any reason be incompetent, to commence the action or proceeding, the legally interested person may institute proceedings in the name of the estate of the deceased person, or person under guardianship, in the same manner and to the same extent as the administrator,

beneficiary of Carolyn's estate, David had standing to bring the state court action for what he perceived to be "the benefit of the estate" and his interest in it.

However, while R.I. Gen. Laws §33-18-17 permits an interested beneficiary to sue "in the name of" an estate, it does not convert such a suit into a suit by the estate. Nor does the fact that the beneficiary may bring the suit establish that the beneficiary's counsel represents the estate or its interests. If that were the case, Prentiss would be disqualified in this case because he would be deemed to represent the "Estate" or its interests at the same time he also represents Karl as an adversary of the "Estate" in the state court action brought by David.

In short, Karl has failed to establish that the Blish firm's representation of David as an interested beneficiary created any attorney-client relationship between the Blish firm and Carolyn's estate or that the Blish firm's representation of David in the state court action materially limits its representation of the Colemans in this case.

Unfair Advantage

Karl also argues that the Blish firm's representation of the Colemans gives them an unfair advantage in this case because it gives the firm access to allegedly privileged communications

---

executor, or guardian may do in the case of personal property, and in the case of real estate in the same manner as a guardian, devisee, or heir at law may do, to recover the property."

regarding the validity of the Coleman option. However, Karl has provided no information regarding the nature of the allegedly privileged communications or why he claims that they are privileged and would be exempt from discovery. He has submitted a privilege log that simply lists the date, author and addressee(s) of each communication. While some of the parties participating in the communications are attorneys, Karl does not explain how these communications are related to the validity of the Coleman option or identify them as containing legal advice.

More importantly, even assuming, arguendo, that the listed communications are privileged, Karl has provided no support for the assertion that the Blish firm is privy to those communications. He bases that assertion on the erroneous premise that the Blish firm is "counsel to David in his capacity as executor," from which he concludes that it, therefore, is "privy to all confidential information that David possesses in that capacity. Karl's Mem. at 5. However, as already noted, David was not acting as an executor when he brought the state court suit. Nor does Karl allege that the Blish firm has seen the communications or that David is likely to disclose them even though doing so might be a breach of David's fiduciary duty as a co-executor. Indeed, it is difficult to see any basis for assuming that, because the Blish firm represents David in the state court action which deals with whether Karl must make immediate payment for the three parcels in which he is

interested, the firm is privy, in this case, to information dealing with the validity of the Colemans' option to purchase a fourth parcel in which no family has expressed an interest.

Unfortunately, it appears that the real conflict in these cases is not between the Estate and the Colemans; but, rather, it is a conflict between Karl and David in which the Estate is merely the entity in whose name the battle is being waged.

**Conclusion**

For all of the foregoing reasons, the plaintiff's motion to disqualify William R. Landry and the firm of Blish & Cavanagh LLP, as counsel for the Colemans is denied.

IT IS SO ORDERED,

Ernest C. Torres

Ernest C. Torres
Sr. U.S. District Judge
Date: 10/10 , 2007