UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KARL HAFFENREFFER, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0299/ T |
| WILLIAM COLEMAN and JANET COLEMAN, Defendants | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants submit their proposed jury instructions as attached.

The defendants will not be pressing their defense that the doctrine of equitable estoppel/ detrimental reliance is applicable here even if there was no consideration for the option agreement. Hence, the parties appear to be in agreement that the issue of "consideration" is the only issue that cannot be resolved by the Court as a matter of law. (See p. 7 of Plaintiff's Pretrial Memorandum.) The below proposed jury instructions are thus limited to this issue.

Respectfully submitted,

/ s/ William R. Landry

William R. Landry #2494
BLISH & CAVANAGH LLP
30 Exchange Terrace
Providence, RI 02903-1765
Telephone: (401) 831-8900
Telecopy: (401) 490-7640

January 4, 2008

Attorneys for Defendants
William Coleman and Janet Coleman

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record, as follows:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903

/ s/ William R. Landry

(1) The core issue in this case involves the legal validity and enforceability of the written agreement entered into on November 1, 2002 by and between David Haffenreffer (under power of attorney from his mother, Carolyn) and William and Janet Coleman.

(2) The Colemans contend that that agreement was a binding option contract which gave them rights to potentially purchase properties that are part of the Seaconnet Farm in Little Compton, Rhode Island.

Karl Haffenreffer, on the other hand, contends that the agreement was not a valid legal option contract.

(3) Karl, the plaintiff in this case, is bringing this claim as a beneficiary of the estate of Carolyn B. Haffenreffer, his late mother. He is one of the three executors of that estate.

(4) There are several legal requirements for a valid contract to come into existence, but the only one you are to concern yourselves with is the requirement that a contract be supported by what the law calls “consideration”.

(5) "Consideration" is a feature that distinguishes a contract from a gift. It means that there has to be some type of value-for-value exchange. That is, an exchange whereby each party to the alleged contract either gets something or gives something up.

(6) A compromise between two parties relating to a claim one of the parties might be able to assert is valid consideration for a contract.

(7) It doesn't matter that the claim that is somehow compromised is legally valid or enforceable. It may be what the law calls a "doubtful" claim. What does matter, however, is that the persons compromising the claim have a reasonable belief that there may be a valid claim, even though he or she may have some uncertainty, doubt, or misunderstanding about the controlling law or facts.

See e.g., Kendall v. Rossi, 35 R.I. 451, ____, 87 A. 186 (1913) ("[w]here a promise is made on the compromise of a doubtful claim, the compromise is a good consideration for the undertaking and the promise is binding").

Carter v. Provo, 87 N.H. 369, 180 A. 258 (1935) (Compromise of alleged claim against estate by creditor with honest belief in its legal character held to constitute consideration for promise by executor. Wouldn't matter if no valid claim existed);

Cohen v. Sabin, 452 Pa. 447, 307 A.2d 845 (Pa. 1973);

Pennsylvania State University v. University Orthopedics, 706 A.2d 863 (Pa. Super, 1998) Restatement of Contracts, 2d, §74 ("Forbearance to assert or the surrender of a claim or defense which proves to be invalid is not consideration unless (a) the claim or defense is in fact doubtful because of uncertainty as to the facts or the law; or (b) the forbearing or surrendering party believes that the claim or defense may be fairly determined to be valid");

1 Corbin, Contracts §§187-188;

6 id. §§1287-1290;

1 Williston, Contracts §§128-129, 135-137;

Farnsworth, Contracts (4th ed.) §2.12, p. 73, 74 ("[It] makes sense to enforce the promise even if the claim is invalid. The law favors settlement by the parties of disputed claims in the interest of alleviating discord and promoting certainty . . . Courts have been willing to find doubt based on a claimant's misconception of the law as well as a misunderstanding of the facts").