**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KARL HAFFENREFFER | : | |
| | : | |
| v. | : | C.A. No. 06-0299-T |
| | : | |
| WILLIAM COLEMAN and JANET COLEMAN | : | |

**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

As stated in his pre-trial memorandum, the plaintiff Karl Haffenreffer believes that two preliminary questions should be determined as a matter of law. These are, (1) whether, as of the date that the November 1, 2002 letter was executed, there was any contract between the defendants William and Janet Coleman and Mrs. Haffenreffer regarding Haffenreffer property in Little Compton, and (2) whether execution of the November 1, 2002 letter was within David's authority under the power of attorney executed by Carolyn B. Haffenreffer. The plaintiff's proposed jury instructions are set forth in the alternative, depending on whether the Court submits these questions to the jury, or determines them as a matter of law.

Respectfully submitted,

KARL HAFFENREFFER
By his attorneys

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 4th day of January, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

William R. Landry, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

/s/R. Daniel Prentiss

1. This case is a civil lawsuit in which the plaintiff, Karl Haffenreffer, has challenged the validity, or legal effect of a document, a letter dated November 1, 2002, and signed by David Haffenreffer, and the defendants, Janet and William Coleman. This letter relates to parcels of real property that were owned by the late Carolyn B. Haffenreffer, and are now owned by her estate. Karl Haffenreffer, who is a beneficiary of that estate, brought this lawsuit in his capacity as a beneficiary, and asserts that the letter has no legal effect. The defendants Mr. and Mrs. Coleman assert that the Letter grants them certain rights in the property now owned by Mrs. Haffenreffer's estate.

2. Whether the November 1, 2002 Letter has legally binding effect on the parties depends on whether or not it is a contract. A "contract" is a legal term that means an agreement by two or more people to do certain things. It is legally enforceable promise or agreement made between two or more individuals. It is a promise or agreement that creates an obligation to do not do a certain thing. It is a consensual endeavor, that is, it is based upon mutual, informed and voluntary consent between the contracting parties. And, in order to form a valid contract, each party to the contract must have the intent to promise that which he/she has promised. Each party must also intend to be bound by that promise or agreement.

3. The party asserting the existence or validity of a contract bears the burden of proof on that issue. Here, it is the Colemans who claim that the November 1, 2002 letter is a contract. Consequently, it is their burden to prove, by a preponderance of the evidence, each of the elements necessary to the formation of a contract.

4. Under the law, not every exchange of discussions between two persons necessarily results in a legally binding contract. In order for a contract to come into existence, there are certain required elements that must be established. These elements must be present in order for the contract to be valid, that is, legally binding on the parties to it. The elements of a contract are:

a) an offer;

b) an acceptance of that offer;

c) consideration, that is, some form of value given in exchange for the promise;

d) a mutual or reciprocal agreement; and

e) a mutual or reciprocal obligation.

*Model Civil Jury Instructions for Rhode Island*, Rhode Island Bar Association, 143-4 (2002).

5. In this case, the only question for you to decide with respect to the November 1, 2002 letter is whether there was consideration for this document. An essential element of every contract is that of valid consideration. Consideration is the thing that makes an informal or casual promise a legally binding one. Consideration is a word we use in the law to mean remuneration, payment or compensation. Consideration is an exchange between the parties of something of value. Consideration does not necessarily take the form of money or a fee. Consideration consists of some benefit which flows to one of the parties or some responsibility undertaken by the other. It can be some right or interest inuring to the benefit of one party or it can be some obligation, liability or burden assumed or undertaken by the other. Forbearance, that is, abstaining from or refraining from doing something, can constitute consideration.

*Id.* 146; *Hayes v. Plantations Steel Co.*, 438 A.2d 1091 (R.I. 1982).

6. There is no dispute that the defendants William and Janet Coleman did not pay any money for the November 1, 2002 letter. Rather, they claim that the consideration for the November 1, 2002 letter is in the nature of a forebearance. By forebearance, I mean the giving up of a legal right in exchange for a return promise. The Colemans assert that their agreement not to make a claim against the estate of Carolyn B. Haffenreffer based on the so-called "Gentleman's Agreement" referred to in the letter is a forebearance that constitutes consideration for the November 1, 2002 letter.

*DeAngelis v. DeAngelis*, 923 A.2d 1274, 1279 (R.I. 2007)

7. Whether or not an agreement not to make a claim based on the Gentleman's Agreement is in fact forebearance, and therefore consideration, is a question that you must decide. Your decision on this must be guided by two principles. First, you must decide whether the Colemans had any legal right as of November 1, 2002 with respect to the Haffenreffer property that they could give up, or forebear, in exchange for the agreement. While the Colemans are not required to establish conclusively the legal validity of the claim they gave up, that claim must be shown to have substance in law and in evidence in order for its forbearance to constitute valid consideration.

*Holt v. Holt*, 282 S.E.2d 784, 789 (N.C. 1981) ("It goes without saying, however, that *there must be some reasonable or substantial basis for the claims advanced by the parties which are surrendered by the agreement*") (internal quotation omitted; emphasis in original); *Agristor Credit Corp. v. Unruh*, 571 P.2d 1220, 1223 (Okla. 1977) ("the forbearance of a right cannot constitute the consideration for the making of a contract unless the forbearing party has a reasonable belief that he or she has, at least, a questionable right to act rather than forbear"); *Dick v. Dick*, 355 A.2d 110, 118 (Ct. 1974) (same); Lord, *Williston on Contracts*, § 7:45; Restatement (Second) of Contracts, § 74 (1981) ("Forbearance to assert or the surrender of a claim or defense which proves to be invalid is not consideration unless (a) the claim or defense is in fact doubtful because of uncertainty as to the facts or the law, or (b) the forbearing or surrendering party believes that the claim or defense may be fairly determined to be valid"). *See Lapan v. Lapan*, 100 R.I. 498, 217 A.2d 242, 245 (1966) (forborne claim would not be consideration if "either obviously absurd in fact or unfounded in law" (dictum)).

8. In this regard, I instruct you that the 1989 and 1990 letters of Carl W. Haffenreffer to Mr. and Mrs. Coleman do not constitute a contract between these parties. Those letters did not form the basis of any legal right of the Colemans as of November 1, 2002.

8 [Alternate] In part, your determination whether the Colemans' agreement not to assert a claim based on the so-called Gentleman's Agreement will depend on whether the 1989 and 1990 letters from Mr.Carl W. Haffenreffer to the Colemans constituted a contract. This is a question for you to decide. The letters, if they constitute a contract, would be a form of an agreement that is known as a "right of first refusal." A right of first refusal agreement may be a valid contract if it contains the essential elements of a contract. To be enforceable, a grant of a right of first refusal "must be specific in regard to the price and other considerations of the sale or provide a means by which the conditions of the sale, including the price, can be ascertained with certainty." A purported right of first refusal that fails to provide definition of price, or a mechanism for determining price, is invalid and unenforceable. If the letters do not contain a price, or a mechanism by which the price can be determined with certainty, then you must find that the letters do not constitute a contract.

*Doyle v. McNulty*, 478 A.2d. 577, 579 (R.I. 1984); *Hood v. Hawkins, supra* 478 A.2d at 186 ("the grantor's intent must be clear and either the price and the conditions of sale must be fixed, or there must be a means for subsequently ascertaining them").

9. The second principle that must guide your determination whether there was consideration for the November 1, 2002 letter is whether the consideration was the result of an actual bargained-for exchange. That is, even if you determine that the Colemans' agreement not to make a claim against the estate of Carolyn B. Haffenreffer was a forebearance as I have defined that term for you, you must also find that the Colemans' forebearance was given as an inducement to Mr. Haffenreffer to create the November 1, 2002 letter. A thing is bargained for if it is sought by the promisor (in this case David Haffenreffer) in exchange for his promise (that is, the November 1, 2002 letter), and is given by the promisee (that is, the Colemans) in exchange for that promise (the agreement not to make a claim based on the Gentleman's Agreement. If the Colemans have not proved, by a fair preponderance of the evidence, that their forebearance was bargained for, as I have defined that term for you, then the forebearance does not constitute consideration.

*DeAngelis v. DeAngelis, supra,* 923 A.2d at 1279, quoting *Filippi v. Filippi*, 818 A.2d 608, 624 (R.I. 2003)

10. The plaintiff Karl Haffenreffer also contends that the power of attorney by which Mrs. Carolyn Haffenreffer authorized David Haffenreffer to do certain acts in her behalf did not authorize him to execute the November 1, 2002 letter with the Colemans. Specifically, Mr. Karl Haffenreffer asserts that Mrs. Haffenreffer's power of attorney only authorized David Haffenreffer to transfer property to persons such as the Colemans, who are not family members or charities to which she had previously donated money, for monetary consideration. A power of attorney such as the one executed by Mrs. Haffenreffer is a form of contract, and is to be construed and interpreted in the same way as other contracts. Whether David was authorized by the power of attorney to execute this letter depends on whether it was the intention of the parties to the contract, David Haffenreffer and his mother, Carolyn B. Haffenreffer, that he would be so authorized. This is a question for you to decide.

11. In determining the intention of Mrs. Haffenreffer in creating the power of attorney, you must review and construe the document as a whole, in light of the circumstances that existed at the time of its making. Further, I instruct you that power of attorney agreements are to be construed strictly and are not to be enlarged by construction.

*Ricci v. Capelluzzi*, 90 R.I. 171, 156 A.2d 207, 209 (1959)

12. Powers of attorney are to be construed restrictively.

*Ricci v. Capelluzzi*, 90 R.I. 171, 156 A.2d 207, 209 (1959)

Proposed Jury Interrogatories

1. Do you find that the defendants William and Janet Coleman have proved, by a fair preponderance of the evidence, that they gave consideration for the November 1, 2002 letter?

YES___________ NO___________

2. Do you find that the defendants William and Janet Coleman have proved, by a fair preponderance of the evidence, that David Haffenreffer was authorized under the power of attorney given him by Carolyn B. Haffenreffer to execute the November 1, 2002 letter with the Colemans?

YES___________ NO___________

**CERTIFICATION**

I hereby certify that on this 4th day of January, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

William R. Landry, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

/s/R. Daniel Prentiss

2306