**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KARL HAFFENREFFER | : | |
| | : | |
| v. | : | C.A. No. 06-0299-T |
| | : | |
| WILLIAM COLEMAN and JANET COLEMAN | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION IN LIMINE REGARDING CONVERSATIONS**
**WITH CARL W. HAFFENREFFER**

The plaintiff Karl Haffenreffer ("Karl") in this civil action seeks a declaration that a purported letter agreement executed by David Haffenreffer ("David") and the defendants William and Janet Coleman ("David's Letter") has no legal effect on the estate of Carolyn B. Haffenreffer ("Estate"). The defendants claim that David's Letter is a memorialization of a "gentleman's agreement" that they reached with Carl W. Haffenreffer, who passed away in 1999. The basis for the defendants' alleged "gentleman's agreement" consists of a pair of letters written by Mr. Carl W. Haffenreffer, as well as alleged oral conversations they had with him in the decade before his death. Mr. and Mrs. Coleman testified at deposition that during a period beginning in the late 1980s, Mr. Carl W. Haffenreffer expressed to them his wish that, if any of his Little Compton property should ever become available for sale outside the family, they would have an opportunity to purchase it. According to the Colemans, the conversations never attained a level of detail any greater than

that vague expression of interest. Evidence of the oral conversations is barred both as hearsay, and by the statute of frauds.

Evidence of Carl W. Haffenreffer's out of court declaration of his intention regarding disposition of his real property is unquestionably a hearsay statement. It does not escape the hearsay status under Fed. R. Evid. 801(d)(2) (Admission by a party opponent) because neither Carl W. Haffenreffer nor his estate was ever a party to this litigation). Nor does it escape through Rule 804 (b)(3), statement against interest. That rule requires that the statement to have been "at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." The statements attributed to Carl W. Haffenreffer are not in any sense contrary to his interests. While the Colemans might have been gratified to hear such statements as an expression of affection, they left the determination of the price to be paid, and any other terms, entirely within the declarant's discretion. Further, the declared interest in selling to the Colemans was contingent on no other family member wanting the property. Hence, the statements do not constitute in any manner a declaration against Carl W. Haffenreffer's interest.

Moreover, the admissibility of the statements is barred by the statute of frauds. R. I. Gen. Laws §9-1-4(1) requires that no agreement for the sale of real property is enforceable unless in writing and signed by the party to be charged. The statements to be attributed to Carl W. Haffenreffer are oral statements that are to be offered as the basis for an alleged agreement between the Colemans and him for the sale of real property in Little Compton. Such statements do not satisfy the statute of frauds, and are inadmissible.

Respectfully submitted,

KARL HAFFENREFFER
By his attorneys

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181
dan@prentisslaw.com

**CERTIFICATION**

I hereby certify that on this 7th day of January, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

William R. Landry, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

/s/R. Daniel Prentiss